UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO: 1:24-cv-24488 WILLIAMS/GOODMAN

MAYRA ELIZABETH ESPINOZA,

    Plaintiff,

v.

QPS MRA LLC, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATIONS ON FLSA SETTLEMENT[1]

The Court held a Zoom videoconference fairness hearing on February 10, 2025, and heard from counsel regarding the fairness of the settlement of Plaintiff's claims alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* [ECF No. 24]. United States District Judge Kathleen M. Williams referred the matter to me to "determine whether such settlement in this matter is a fair and reasonable resolution of a bona fide dispute." [ECF No. 4, p. 3 (internal quotations omitted)].

In general, the minimum wage and overtime provisions of the FLSA are mandatory and not subject to negotiation or bargaining between employers and employees. *See Brooklyn*

---

[1] Defense counsel noted that the settlement is contingent on the parties entering into a signed, written agreement based on the agreed-upon terms from the January 8, 2025 settlement conference, and that he had not yet received a copy with Plaintiff's signature. Plaintiff's counsel advised that Plaintiff *had* executed the agreement and that he would provide it to defense counsel. Therefore, the Undersigned does not expect that this issue should be a likely obstacle based on the parties' representations.

*Savings Bank v. O'Neil*, 324 U.S. 697 (1945). But there are two ways employees may settle and waive a claim against their employer for unpaid minimum wages or overtime pay under the FLSA: (1) if the payment of unpaid minimum wage/overtime pay is supervised by the Secretary of Labor or (2) in a private lawsuit brought by an employee, if the parties present the district court with a proposed settlement and the court enters an order approving the fairness of the settlement. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946).

An employee may settle and release FLSA claims against his employer without the supervision of the Secretary of Labor if all of the following conditions are met: (1) the settlement occurs in an adversarial context; (2) there are issues of FLSA coverage and/or computations actually in dispute; and (3) the district court enters an order approving the settlement after scrutinizing the fairness of the settlement. *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

The Court considered the factors outlined in *Lynn's Food Stores, Inc.*; the factual positions of the parties; the existence (or lack thereof) of documents supporting or corroborating the parties' positions; the strengths and weaknesses in the parties' respective cases; and the parties' desire to resolve the dispute sooner, rather than later.

The Court finds that the settlement here represents a genuine compromise of a bona fide dispute. Defendants, who have denied liability, have agreed to pay Plaintiff more than

they believes Plaintiff is due under the law. All parties have agreed to settle as a result of reasonable strategic and financial considerations.

The Undersigned also reviewed Plaintiff's counsel's billing and costs records. [ECF No. 25]. Plaintiff's counsel's billing records reflect $20,440 in attorneys' fees[2] and $623.00 in costs, accumulated over the course of four months. *Id*. at 4. The Undersigned finds that Plaintiff's lead counsel's hourly rate of $400.00, for an attorney practicing law for approximately 16 years, to be reasonable.[3] Therefore, the settlement is reasonable not just when viewed in light of Plaintiff's claims against Defendants (and Defendants' defenses to those claims), but also in light of the amounts that Plaintiff and Plaintiff's counsel will receive.

In addition, the Court finds that the settlement here occurred in an adversarial context, and there are genuine legal and factual issues in dispute. The Court further finds that the settlement reached by the parties represents a reasonable compromise by both sides.

Accordingly, the Undersigned finds that the parties' settlement agreement is fair and reasonable, and **respectfully recommends** that Judge Williams **APPROVE** the settlement

---

[2]     During the hearing, Plaintiff's counsel, Dillon Cuthbertson, advised that the billing records contained an error [ECF No. 25-1, p. 3] regarding the participation of his co-counsel, lead attorney Elliot Kozolchyk, in the January 8, 2025 settlement conference. Therefore, the Undersigned deducted $2,280.00 from the total amount of attorney's fees ($22,720.00) listed in the billing records.

[3]     Additionally, the Undersigned finds that the hourly rates for Kozolchyk's co-counsel, Cuthbertson, reasonable. Cuthbertson charged an hourly rate of $375.00, has been practicing law for less than one year, and advised that he understood that other judges in this district have approved that hourly rate for him in FLSA cases.

contingent on the parties' execution of their agreement and **DISMISS** this case **WITH PREJUDICE**.

## *OBJECTIONS*

The parties will have two (2)[4] days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with United States District Judge Kathleen M. Williams. Each party may file a response to the other party's objection within two (2) days of the objection. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in this Report and Recommendations and shall bar the parties from attacking on appeal any factual or legal conclusions contained in this Report and Recommendations and to which they did not object, except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson,* 885 F.2d 790, 794 (11th Cir. 1989); CTA11 Rule 3-1.

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on February 10, 2025.

Jonathan Goodman
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Kathleen M. Williams
All Counsel of Record

---

[4]  The Undersigned is shortening the deadline because the parties mutually agreed to the settlement agreement's terms and are therefore unlikely to file any objections.